IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02676-BNB

DAWANE ARTHUR MALLETT,

    Plaintiff,

v.

DAVID OWEN LAW, Correctional Officer,
A. BALSICK, Correctional Officer,
N. LEE, Correctional Officer,
G. SANDUSKY, Correctional Officer,
DIANNA KRIST, Special Investigative Agent,
RUSSELL KRIST, ADX Captain,
DAVID B. BERKEBILE, Complex Warden, and
FEDERAL BUREAU OF PRISONS,

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

    Plaintiff, Dawane Arthur Mallett, is a prisoner in the custody of the Federal Bureau of Prisons ("BOP") at the United States Penitentiary, Administrative Maximum, at Florence, Colorado. Mr. Mallett has filed *pro se* a Prisoner Complaint (ECF No. 1) pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), claiming that his rights under the United States Constitution have been violated. He seeks damages as relief.

    The court must construe the Prisoner Complaint liberally because Mr. Mallett is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.

Mr. Mallett asserts three claims for relief in the Prisoner Complaint. He first claims that his Eighth Amendment rights have been violated because Defendants A. Balsick, G. Sandusky, and N. Lee denied him meals on various occasions between May 2, 2012, and June 13, 2013. Mr. Mallett alleges in his second claim that he has been denied due process because Defendants Russell Krist and Dianna Krist have failed to conduct an independent investigation of Mr. Mallett's complaints of staff misconduct. Mr. Mallett alleges in his third claim that his Eighth Amendment rights have been violated because Defendant David Owen Law has denied him meals more than one hundred times from 2011 to 2013 and that Defendant Russell Krist authorized and participated in denying him meals. Mr. Mallett also alleges in support of his third claim that Defendant David B. Berkebile was made aware through administrative grievances that Mr. Mallett had been denied meals, but he does not allege that Defendant Berkebile personally participated in the alleged denial of meals. *See Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) (stating "that a denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation").

Mr. Mallett does not assert any specific claim against the BOP, and he fails to allege specific facts that demonstrate Defendant Berkebile personally participated in the asserted constitutional violations. Therefore, if Mr. Mallett intends to pursue any claims against either Defendant Berkebile or the BOP, he must file an amended complaint that clarifies what those claims are and, with respect to any constitutional claims against Defendant Berkebile, how Defendant Berkebile personally participated in the asserted constitutional violations. *See Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011)

(allegations of "personal participation in the specific constitutional violation complained of [are] essential"). Mr. Mallett may not assert a *Bivens* claim against the BOP. *See Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 72 (2001); *Simmat v. U.S. Bureau of Prisons*, 413 F.3d 1225, 1231 (10th Cir. 2005).

In addition to clarifying any claims he may be asserting against Warden Berkebile and the BOP, the court notes that Mr. Mallett includes allegations in the Prisoner Complaint that are not related to the three claims described above. In particular, Mr. Mallett alleges within his second claim for relief that he is not receiving treatment for a severe mental disease or defect and that he is being housed at the Florence prison in violation of a BOP Program Statement. If Mr. Mallett intends to assert claims based on these additional allegations, he must allege specific facts in support of those claims and he must identify which Defendant or Defendants the claims are asserted against. Therefore, if Mr. Mallett wishes to pursue any claims in this action based on the alleged denial of mental health treatment or his prison placement, he must file an amended complaint that clarifies them.

For these reasons, Mr. Mallett will be given an opportunity to file an amended complaint. If the three claims described above that are asserted against Defendants A. Balsick, G. Sandusky, N. Lee, Russell Krist, Dianna Krist, and David Owen Law are the only claims Mr. Mallett intends to raise in this action, he does not need to file an amended complaint. However, if Mr. Mallett intends to assert any claims in this action against Defendants Berkebile and the BOP or any claims with respect to the alleged denial of mental health treatment or his prison placement, he must file an amended complaint that clarifies what those claims are and the specific facts that support those

claims.

If Mr. Mallett elects to file an amended complaint, he must include in the amended complaint all of the claims he is asserting in this action because "an amended complaint supercedes the original complaint and renders the original complaint without legal effect." *Mink v. Suthers*, 482 F.3d 1244, 1254 (10th Cir. 2007). For each claim he asserts in the amended complaint, Mr. Mallett "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Furthermore, the general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Accordingly, it is

ORDERED that Mr. Mallett shall have **thirty (30) days from the date of this order** to file an amended complaint to clarify his claims in this action as discussed in this order. It is

FURTHER ORDERED that Mr. Mallett shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.

DATED October 29, 2013, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge