IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02676-BNB

DAWANE ARTHUR MALLETT,

    Plaintiff,

v.

DAVID OWEN LAW, Correctional Officer,
A. BALSICK, Correctional Officer,
N. LEE, Correctional Officer,
G. SANDUSKY, Correctional Officer,
DIANNA KRIST, Special Investigative Agent,
RUSSELL KRIST, ADX Captain,
DAVID B. BERKEBILE, Complex Warden, and
FEDERAL BUREAU OF PRISONS,

    Defendants.

---

ORDER TO DISMISS IN PART AND TO DRAW CASE
TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

---

Plaintiff, Dawane Arthur Mallett, is a prisoner in the custody of the Federal Bureau of Prisons (BOP) at the United States Penitentiary, Administrative Maximum, in Florence, Colorado. Mr. Mallett has filed *pro se* a Prisoner Complaint (ECF No. 1) pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), claiming his rights under the United States Constitution have been violated. He seeks damages as relief.

The Court must construe the Prisoner Complaint liberally because Mr. Mallett is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the Prisoner Complaint

reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110.  However, the Court should not be an advocate for a *pro se* litigant.  *See id.*

The Court must review Mr. Mallett's claims in the Prisoner Complaint because he is a prisoner and he is seeking redress from officers or employees of a governmental entity.  *See* 28 U.S.C. § 1915A.  Pursuant to § 1915A(b)(1), the Court is required to dismiss the Prisoner Complaint, or any portion of the Prisoner Complaint, that is frivolous.  A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim.  *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989).  For the reasons stated below, the Court will dismiss the Prisoner Complaint in part as legally frivolous.

Mr. Mallett asserts three claims for relief in the Prisoner Complaint.  He first claims that his Eighth Amendment rights have been violated because Defendants A. Balsick, G. Sandusky, and N. Lee denied him meals on various occasions between May 2, 2012, and June 13, 2013.  Mr. Mallett contends in his second claim that he has been denied due process because Defendants Russell Krist and Dianna Krist have failed to conduct an independent investigation of Mr. Mallett's complaints of staff misconduct. Mr. Mallett also alleges within his second claim that he is not receiving treatment for a severe mental disease or defect and that he is being housed at the Florence prison in violation of a BOP Program Statement.  Mr. Mallett's third claim is that his Eighth Amendment rights have been violated because Defendant David Owen Law has denied

him meals more than one hundred times from 2011 to 2013 and that Defendant Russell Krist authorized and participated in denying him meals.

Mr. Mallett does not assert any specific claims against Defendants David B. Berkebile and the BOP in the Prisoner Complaint.  It also is not clear in the Prisoner Complaint whether Mr. Mallett intends to assert any claims based on his allegations that he is being denied mental health treatment and that he is being housed at the Florence prison in violation of a BOP Program Statement.  Therefore, on October 29, 2013, Magistrate Judge Boyd N. Boland entered an order directing Mr. Mallett to file an amended complaint if he intends to assert any claims in this action against Defendants David B. Berkebile and the BOP or any claims regarding mental health treatment and his prison placement.  On November 6, 2013, Mr. Mallett filed a "Motion to Strike Defendants" (ECF No. 9) in which he states that he does not intend to assert any claims in this action against Defendants David B. Berkebile and the BOP or any claims regarding mental health treatment and his prison placement.  The "Motion to Strike Defendants" will be granted and Defendants David B. Berkebile and the BOP will be dismissed as parties to this action.  The Court also will not consider Mr. Mallett's allegations regarding mental health treatment and his prison placement.

The Court also will dismiss Mr. Mallett's due process claim.  As noted above, Mr. Mallett contends in his second claim that his right to due process has been violated because Defendants Russell Krist and Dianna Krist have failed to conduct an independent investigation of his complaints of staff misconduct.  Mr. Mallett specifically alleges that he has filed more than 300 administrative remedies and complaints.

The Constitution guarantees due process when a person is to be deprived of life,

liberty, or property. *See Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir. 1994). Mr. Mallett was not deprived of life or property based on the failure to conduct an independent investigation in response to his administrative remedy requests and complaints. Therefore, the due process claim depends on the existence of a constitutionally protected liberty interest.

Mr. Mallett cannot make an arguable claim that he has a constitutionally protected liberty interest in an independent investigation of his administrative remedy requests and complaints because he does not have a constitutionally protected liberty interest in accessing the BOP administrative remedy program. *See Bingham v. Thomas*, 654 F.3d 1171, 1177 (11th Cir. 2011) (noting that various circuits have held "an inmate has no constitutionally-protected liberty interest in access to [a prison grievance] procedure"); *see also Boyd v. Werholtz*, 443 F. App'x 331 (10th Cir. 2011) (affirming dismissal under § 1915A of inmate's claim based on alleged denial of access to prison grievance procedure). Even if Defendants Russell Krist and Dianna Krist violated a BOP regulation by failing to conduct an independent investigation, "a failure to adhere to administrative regulations does not equate to a constitutional violation." *Hovater v. Robinson*, 1 F.3d 1063, 1068 n.4 (10th Cir. 1993); *Dedrick v. Daniels*, 386 F. App'x 810, 811 (10th Cir. 2010). Therefore, Mr. Mallett's due process claim is legally frivolous and must be dismissed. Because the due process claim is the only claim asserted against Defendant Dianna Krist, she also will be dismissed as a party to this action.

The Court will not address at this time the merits of Mr. Mallett's Eighth Amendment claims. Instead, this action will be drawn to a district judge and to a magistrate judge as provided in D.C.COLO.LCivR 8.2D. Accordingly, it is

ORDERED that the "Motion to Strike Defendants" (ECF No. 9) is granted. It is

FURTHER ORDERED that Defendants David B. Berkebile and the Federal Bureau of Prisons are dismissed as parties to this action because Plaintiff does not assert any claims against them. It is

FURTHER ORDERED that Plaintiff's due process claim is dismissed as legally frivolous pursuant to 28 U.S.C. § 1915A(b)(1). It is

FURTHER ORDERED that Defendant Dianna Krist is dismissed as a party to this action because the only claim asserted against her is legally frivolous. It is

FURTHER ORDERED that this case shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this 15th day of November, 2013.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court