IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02676-CMA-MJW

DAWANE ARTHUR MALLETT,

Plaintiff(s),

v.

DAVID OWEN LAW, Correctional Officer,
A. BALSICK, Correctional Officer,
N. LEE, Correctional Officer,
G. SANDUSKY, Correctional Officer, and
RUSSELL KRIST, ADX Captain,

Defendant(s).

---

## RECOMMENDATION ON
## PLAINTIFF'S MOTION FOR EMERGENCY HEARING (Docket No. 20)

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This case was referred to the undersigned by Judge Christine M. Arguello

pursuant to an Order Referring Case entered on December 11, 2013 (Docket No. 18).

Plaintiff's Complaint is brought pursuant to Bivens v. Six Unknown Named

Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). Plaintiff is a federal prisoner

who is incarcerated at the United States Penitentiary - Administrative Maximum - in

Florence, Colorado. The only claim remaining[1] is an Eighth Amendment claim in which

---

[1]Defendants David B. Berkebile, Dianna Krist, and the Bureau of Prisons have been dismissed as parties, and the plaintiff's due process claim and any claim regarding plaintiff's mental health treatment and prison placement were also dismissed. (Docket No. 10, Order of Senior Judge Lewis T. Babcock dated November 15, 2013).

he alleges that defendants Balsick, Sandusky, and Lee denied him meals on various occasions between May 2, 2012, and June 13, 2013; defendant Law denied him meals more than one hundred times from 2011 to 2013; and defendant Russell Krist authorized and participated in denying him meals.

Three of the named defendants (Law, Balsick, and Sandusky) waived service of a summons in this action on December 11, 2013, but service was not waived and accepted on defendant Lee (who is on extended leave) and Krist (who has retired). (See Docket No. 17).  The three defendants who have waived service have until March 3, 2014, to answer or otherwise respond to the Complaint.  (See Docket No. 24).

Now before the court for a report and recommendation is the plaintiff's motion for emergency hearing (Docket No. 20) in which he claims he has been retaliated against by several staff.  Plaintiff outlines the alleged retaliation, which includes being moved to the special housing unit where he is deprived of various things, confiscation of papers and books, opening legal mail, destruction of legal notes and evidence, assaults by "staff" and by "Cragg-Marshall and Martinez," Cragg-Marshall and Martinez refusing to feed him, SHU Lt. Garner and CO Gardiner telling plaintiff that an officer's father who worked for the court has already taken care of this lawsuit, and staff telling plaintiff "why don't you kill yourself."  The court has construed this motion as a motion for a temporary restraining order ("TRO").

The court has not waited for a response to the pending motion to be filed, which is permitted pursuant to D.C.COLO.LCivR 7.1(d) ("Nothing in this rule precludes a judicial officer from ruling on a motion at any time after it is filed."). The court has carefully reviewed the plaintiff's motion, has taken judicial notice of the court file, and

has considered applicable Federal Rules of Civil Procedure and case law.  The court

now being fully informed makes the following findings, conclusions of law, and

recommendation that the motion be denied.

"A [TRO] or preliminary injunction is extraordinary relief."  Statera, Inc. v.

Hendrickson, 2009 WL 2169235, *1 (D. Colo. July 17, 2009).  Injunctive relief should be

granted only when the moving party clearly and unequivocally demonstrates its

necessity.  See Schrier v. University of Colo., 427 F.3d 1253, 1258 (10th Cir. 2005).  In

the Tenth Circuit, the party requesting injunctive relief must establish that: (1) the party

will suffer irreparable injury unless the injunction issues; (2) the threatened injury

outweighs whatever damage the proposed injunction may cause the opposing party; (3)

the injunction, if issued, would not be adverse to the public interest; and (4) there is a

substantial likelihood of success on the merits.  Id.  "In addition to the foregoing factors,

a party seeking a [TRO] also must demonstrate clearly, with specific factual allegations,

that immediate and irreparable injury will result absent a [TRO]."  Statera, 2009 WL

2169235, *1.

It is well-settled that "'[p]rison officials may not retaliate against or harass an

inmate because of the inmate's exercise of his' constitutional rights."  Peterson v.

Shanks, 149 F.3d 1140, 1144 (10th Cir. 1998).  Plaintiff may make a showing of

retaliation by demonstrating the following: 1) he engaged in constitutionally protected

activity; 2) defendants' actions caused plaintiff "to suffer an injury that would chill a

person of ordinary firmness from continuing to engage in that activity;" and 3)

defendants' "adverse action was substantially motivated as a response to the plaintiff's

exercise of constitutionally protected conduct."  Shero v. City of Grove, Okla., 510 F.3d

4

1196, 1203 (10th Cir. 2007) (citing Worrell v. Henry, 219 F.3d 1197, 1212 (10th Cir. 2000)).  The third element requires that the plaintiff show that defendants' retaliatory motive was a "but for" cause of the defendants' actions.  Smith v. Maschner, 899 F.2d 940, 949-50 (10th Cir. 1990).

"An inmate claiming retaliation must allege *specific facts* showing retaliation because of the exercise of [his] constitutional rights."  Peterson, 149 F.3d at 1144 (quotation omitted) (emphasis in original).  Factual allegations consisting only of engagement in protected activity "[do] not establish the requisite causal connection for [a] retaliation claim.  If it did, litigious prisoners could claim retaliation over every perceived slight . . . ."  Strope v. Cummings, 381 Fed. App'x 878, 883 (10th Cir. 2010) (unpublished).  Furthermore, temporal proximity between protected activity and a challenged prison action does not, in itself, demonstrate the causal nexus for a retaliation claim.  See Friedman v. Kennard, 248 Fed. App'x 918, 922 (10th Cir. 2007) (citing cases) ("Standing alone and without supporting factual allegations, temporal proximity between an alleged exercise of one's right of access to the courts and some form of jailhouse discipline does not constitute sufficient circumstantial proof of retaliatory motive to state a claim.").

In this case, plaintiff's allegations of retaliation in his motion do not establish the requisite causal connection for a retaliation claim.  Like the plaintiff in Strope, plaintiff's "attribution of retaliatory motive is conjectural and conclusory."  Strope, 381 Fed. App'x at 883.  Moreover, plaintiff does not allege in his motion that any of the named defendants were engaged in any of the alleged acts of retaliation.  Instead, plaintiff merely alleges that "staff" or other named non-parties did certain acts.  See Winslow v.

5

Leh, 577 F. Supp. 951, 952 (D. Colo. 1984) (court is unable to enjoin entities or persons who are not parties to the action and over whom the court has no jurisdiction). Therefore, it is recommended that the plaintiff's motion be denied.

**WHEREFORE**, for the foregoing reasons, it is hereby

**RECOMMENDED** that the plaintiff's Motion for Emergency Hearing (Docket No. 20) be denied.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case. A party may respond to another party's objections within fourteen (14) days after being served with a copy. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, Thomas v. Arn, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colorado Dep't of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Date: January 13, 2014                         s/ Michael J. Watanabe
      Denver, Colorado                         United States Magistrate Judge