IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02676-CMA-MJW

DAWANE ARTHUR MALLETT,

Plaintiff(s),

v.

DAVID OWEN LAW, Correctional Officer,
A. BALSICK, Correctional Officer, and
G. SANDUSKY, Correctional Officer,

Defendant(s).

---

**RECOMMENDATION THAT THIS ACTION BE DISMISSED WITH PREJUDICE
BASED UPON THE PLAINTIFF'S REPEATED FAILURE TO APPEAR, FAILURE TO
COMPLY WITH COURT ORDERS, AND FAILURE TO PROSECUTE**

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This matter was referred to this court pursuant to an Order Referring Case issued

by Judge Christine M. Arguello on December 11, 2013 (Docket No. 18).

During a Status Conference held by this court on February 6, 2014, at which

plaintiff participated by telephone, this court set a Scheduling Conference for April 14,

2014, at 9:30 a.m. Plaintiff was sent a copy of this court's Courtroom Minutes/Minute

Order (Docket No. 29) in which this court ordered that the Scheduling Conference would

be held at that date and time. In addition, the parties were directed to hold a

pre-scheduling conference meeting and prepare a proposed Scheduling Order, which

was to be filed on or before April 7, 2014. (Docket No. 29).

On April 14, 2014, at 9:30 a.m., the court did not receive a call from the U.S.

2

Penitentiary in Florence, Colorado, where plaintiff is being held, in order for the plaintiff to participate in the Scheduling Conference by telephone.  Consequently, my staff contacted the correctional facility and was informed by plaintiff's Counselor, Mr. Robinson, that the plaintiff had stated the previous week that he would not participate in the Scheduling Conference.  Mr. Robinson stated such on the record.  Defense counsel was present in the courtroom for the Scheduling Conference and advised the court that the plaintiff did not participate in the preparation of the proposed Scheduling Order as directed by the court.  Defense counsel did file a proposed Scheduling Order as directed.  (Docket No. 36).

This court proceeded to conduct the Scheduling Conference (see Docket No. 37 Courtroom Minutes) and entered a Scheduling Order (Docket No. 38).  Copies of the Courtroom Minutes/Minute Order (Docket No. 37) and the Scheduling Order (Docket No. 38) were mailed to the plaintiff.  In both documents, the parties were directed to complete their Fed. R. Civ. P. 26(a)(1) disclosures on or before May 1, 2014.  On April 14, 2014, this court also issued an Order to Show Cause (Docket No. 39) in which the plaintiff was directed to show cause during a hearing on May 15, 2014, at 10:00 a.m. why this case should not be dismissed with prejudice pursuant to Fed. R. Civ. P. 16(f), 41(b), and/or D.C.COLO.LCivR 41.1 based upon the plaintiff's failure to appear, failure to prosecute, and failure to comply with court orders and why plaintiff should not have to pay the reasonable expenses–including attorney's fees-incurred as a result of plaintiff's failure to appear at the April 14 Scheduling Conference.  A copy of that Order to Show Cause (Docket No. 39) was mailed to the plaintiff.

Plaintiff, however, once again advised his Counselor, this time Mr. Cedeno, that

he would not participate in the court's hearing.  More specifically, at about 8:45 a.m. on

May 15, Mr. Cedeno told plaintiff that he had a court call at 10:00 a.m., but plaintiff said

he did not want to participate.  Defense counsel advised the court during the Show

Cause Hearing that she had not had any contact with the plaintiff and that she had not

received plaintiff's Rule 26(a)(1) disclosures, which this court ordered to be provided on

or before May 1, 2014.

As plaintiff was advised in the Order to Show Cause (Docket No. 39), Rule 41(b)

of the Federal Rules of Civil Procedure provides in pertinent part:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.  Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule–except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19–operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b).  Furthermore, Rule 16(f) provides in pertinent part that "[o]n

motion or on its own, the court may issue any just orders, including those authorized by

Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney: (A) fails to appear at a scheduling or

other pretrial conference . . . . or (C) fails to obey a scheduling or other pretrial order."

Fed. R. Civ. P. 16(f).  Rule 37(b)(2)(A) (ii)-(vii), which is referenced in Rule 16(f), permits

the following sanctions:

> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

> (iii) striking pleadings in whole or in part;

> (iv) staying further proceedings until the order is obeyed;

> (v) **dismissing the action or proceeding in whole or in part**;

4

(vi) rendering a default judgment against the disobedient party; or

(vii) treating as contempt of court the failure to obey any order
except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A) (ii)-(vii) (emphasis added).  Rule 16(f)(2) further provides that

"[i]nstead of or in addition to any other sanction, the court must order the party, its

attorney, or both to pay the reasonable expenses–including attorney's fees–incurred

because of any noncompliance with this rule, unless the noncompliance was

substantially justified or other circumstances make an aware of expenses unjust."  Fed.

R. Civ. P. 16(f)(2).

In addition, Local Rule 41.1 provides:

A judicial officer may issue an order to show cause why a case
should not be dismissed for lack of prosecution or for failure to comply with
these rules, the Federal Rules of Civil Procedure, or any court order.  If
good cause is not shown within the time set in the show cause order, a
district judge or a magistrate judge exercising consent jurisdiction may
enter an order of dismissal with or without prejudice.

D.C.COLO.LCivR 41.1.

Based upon the foregoing, it is hereby

**RECOMMENDED** that this case be dismissed with prejudice pursuant to Fed. R.

Civ. P. 16(f), 41(b), and/or D.C.COLO.LCivR 41.1 based upon the plaintiff's repeated

failure to appear, failure to prosecute, and failure to comply with court orders.

**NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2),**

**the parties have fourteen (14) days after service of this recommendation to serve**

**and file specific written objections to the above recommendation with the District**

**Judge assigned to the case.  A party may respond to another party's objections**

5

within fourteen (14) days after being served with a copy.  The District Judge need not consider frivolous, conclusive, or general objections.  A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, <u>Thomas v. Arn</u>, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions.  <u>Makin v. Colorado Dep't of Corrections</u>, 183 F.3d 1205, 1210 (10th Cir. 1999); <u>Talley v. Hesse</u>, 91 F.3d 1411, 1412-13 (10th Cir. 1996).


Date:  May 15, 2014                          s/ Michael J. Watanabe
          Denver, Colorado                   Michael J. Watanabe
                                             United States Magistrate Judge